UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 19-23770-CIV-MORENO**

TECHNOLOJOY, LLC, and IBRAHIM F.
ALGAHIM,

        Plaintiffs,

vs.

BHPH CONSULTING SERVICES, LLC,   d/b/a
BHPH CAPITAL SERVICES; SEAN
FOUZAILOFF, and ANATOLIY SLUTSKIY,

        Defendants.
_____/

## **ORDER DENYING MOTION TO DISMISS FRAUD CLAIMS**

Earlier in this proceeding, the Court granted Defendants' motion to dismiss the Plaintiff's various fraud claims under the independent tort doctrine. The Court held the claims, as pled, were "inextricably intertwined" with the breach of contract claim and not pled with sufficient particularity. After Plaintiff amended its complaint to address the deficiencies in the first iteration, the Defendants again moved to dismiss the fraud claims on the same grounds. After reviewing the Amended Complaint, the Court finds the Plaintiff's allegations sufficiently establish independent torts and meet the heightened pleading requirements of Rule 9(b).

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss **(D.E. 105)** filed on June 8, 2021.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is DENIED. Defendants shall answer the remaining counts by July 27, 2021.

## I. Background

This case arises from a business relationship gone awry between Plaintiff, Technolojoy, LLC, and Defendants, BHPH Consulting Services, LLC, Sean Fouzailoff, and Anatoliy Slutskiy. Plaintiff Technolojoy is a consumer electronic wholesale company and Defendant BHPH sells electronics, including cell phones, to wholesalers. With regards to the fraud claims, Plaintiff amended its complaint in several ways to address this Court's prior order finding the fraud claims were not independent from the breach of contract and were not pled with the requisite particularity.

The Amended Complaint adds paragraph 28, which states that from March 2019 to July 2019, Defendants Fouzailoff and Slutskiy sent Plaintiffs invoices containing alleged credits in Technolojoy's favor. Technolojoy alleges that these 42 invoices, which it now attaches to the Amended Complaint, contain a series of false representations intended to induce Technolojoy to keep advancing funds to Defendants. The Amended Complaint details eight instances where Defendants' invoices purportedly show the fake credits in the amount of $213,041. Paragraph 32 alleges that the fraudulent refund notices were a plot engineered by Defendants to defraud Technolojoy. As alleged, Technolojoy relied on a July 2, 2019 refund notice totaling $74,060, and paid BHPH Consulting Services, $44,100 on the same day for future inventory, which was never delivered. The Amended Complaint asserts that BHPH cancelled the refunds before the funds were credited to Technolojoy. The Amended Complaint details five more instances where this occurred and alleges that Defendants Fouzailoff and Slutskiy had numerous phone calls in July 2019 with Plaintiff's principal, Abraham Ilgahim, where they falsely represented that the refunds would be sent to Plaintiff.

The second component to Plaintiff's fraud claims is that Defendants asked Plaintiff to request a chargeback from American Express. It asserts that on July 6, 2019 at 11:37 AM, Defendant Fouzailoff texted Algahim telling him to contact American Express to initiate a chargeback for $52,000 and to indicate that Plaintiff never received the product. Consistent with these requests, Technolojoy opened various chargeback requests with the credit card companies to recoup monies paid to Defendants for goods it never received. Once the credit card companies contacted Fouzailoff and BHPH, they would provide the credit card companies with fraudulent proofs of shipment and fraudulent invoices. The Amended Complaint states that Defendant Fouzailoff told American Express on July 23, 2019 that the "cardholder is trying to commit fraud by disputing partial payment amounts." The Amended Complaint details another instance on July 28, 2019 where Fouzailoff sent a message to American Express claiming that the Plaintiff was defrauding the credit card company, and also provided American Express with fraudulent tracking numbers of old shipments to show proof of delivery of new purchases.

To quantify these damages, the Amended Complaint alleges that in 2018 Technolojoy made approximately $300,000 in net profit from the resale of the iPhones it purchased during the 2018 Apple's new iPhone launch. Technolojoy expected to double its 2018 net profit in 2019. Due to the fraud, Plaintiff alleges that it had insufficient funds to purchase new iPhones in 2019. Instead of doubling its profit, Technolojoy suffered a loss of profits close to 80% as compared to 2018. Plaintiff alleges the fraud continues to negatively impact its business to date. Notably, the breach of contract and equitable claims assert damages totaling $704,575, which is the value of the products Technolojoy claims to have purchased and never received from the Defendants.

## II.     **Legal Standard**

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III.     **Legal Analysis**

Defendants move to dismiss Counts 4 through 6 of the Amended Complaint. Count 4 is a claim for fraudulent misrepresentation, count 5 is a claim for fraudulent inducement, and count 6 is a claim for fraud. Defendants again argue the claims are duplicative, the independent tort doctrine precludes the claims from proceeding, and the claims lack the requisite particularity.

In its prior order, this Court held that Florida law allows for separate claims for fraudulent misrepresentation, fraudulent inducement, and fraud. *Temurian v. Piccolo*, No. 18-62737, 2019 WL 1763022, *5 (S.D. Fla. April 22, 2019) (stating that four separate fraud claims have similar

4

pleading standards). Given the similar elements of these causes of action, the Court again declines to dismiss the claims as duplicative.

### A. Is an Independent Tort Alleged?

"It is . . .well settled that, for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate, and distinct from the damages sustained from the contract's breach." *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017). Florida's independent tort doctrine "prohibits claims in tort for damages, which are the same as for breach of contract so as to prevent plaintiffs from recovering duplicative damages for the same wrongdoing." *Perez v. Scottsdale Ins. Co.*, No. 19-22761, 2019 WL 5457746, *4 (S.D. Fla. Oct. 24, 2019). The question is whether the allegations supporting the fraud counts are "inextricably intertwined with the alleged breach of contract." *Id.* (citing *Termurian*, 2019 WL 1763022 (dismissing fraud claims that are inextricably intertwined with the breach of contract).

The Court's prior order found that the Complaint's allegations supporting the breach of contract claim also supported the fraud claims. The contractual counts and the fraud counts alleged the same damages and failed to show how the fraud damages differed from the damages for breach of contract. The Court dismissed the counts without prejudice and allowed Plaintiffs an opportunity to correct the deficiencies.

The Court now finds that Plaintiff has corrected the deficiencies. A review of the Amended Complaint shows that the actions complained of in the fraud counts are separate and distinct from the allegations supporting the breach of contract, unjust enrichment, and quantum meruit claims. The allegedly fraudulent actions are the issuance of fraudulent invoices meant to confuse the Plaintiff, the cancellation of refunds after Defendants sent messages saying they were

being processed, the instruction to Plaintiff to initiate chargeback requests with the credit card companies, and the statements to American Express discrediting those same requests. The Court finds these allegations sufficiently distinct from the breach of contract, which stems from the Defendant's failure to provide goods for which it received payment.

In addition, the Amended Complaint now clarifies that Plaintiff seeks a different remedy than the $704,575 stated in the contract claim. Plaintiff claims that the fraud caused a negative financial impact and led to lost profits on the sale of iPhones. The Court views this statement of damages as separate from the damages stemming from the breach of contract claim. Plaintiff is not seeking to recover duplicative damages. Accordingly, the motion to dismiss is denied on this basis.

### b. Is fraud pled with particularity?

Rule 9(b) requires a plaintiff to state the circumstances constituting fraud with particularity. The Eleventh Circuit has noted that the "particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged. . ." *Ziemba v. Cascade Int'l. Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations omitted). Under Rule 9(b), a plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."*Id.* Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to the "defendants." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th

Cir. 1997). In cases involving multiple defendants, as is the case here, the Complaint should inform each defendant of the specific fraudulent act giving rise to liability. *Id.*

A review of the prior iteration of this Complaint resulted in the Court finding that Rule 9(b)'s heightened pleading standard was not met. That is not the case now. The Amended Complaint attaches the 42 fraudulent invoices and indicates that they were sent by the three defendants. It also identifies the time period for phone calls by Fouzailoff and Slutskiy where they misrepresented that they were processing refunds in favor of Technolojoy. The Amended Complaint details the nine fraudulent notices consisting of eight separate credit card refunds and a wire refund. For each notice, Technolojoy provides the date, the amount, and the nature of the fraudulent conduct. The Amended Complaint also provides the date and time when Fouzailoff sent text messages to Ilgahim encouraging him to initiate chargebacks with American Express. Then, it details how the Defendants turned around and communicated with American Express in attempts to discredit Plaintiff's chargeback requests. The Court finds these allegations sufficiently meet the pleading standard. Therefore, the motion to dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ⁄ of July 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record